FILED

### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

99 AUG 31  PM 4: 09

U.S. DISTRICT COURT
N.D. OF ALABAMA

JANET N. HOWARD,                    }

    Plaintiff,                      }

                                }

v.                                  }          **CASE NO. CV 99-B-0185-S**

                                }

**DRIVER'S MART OF**                }
**BIRMINGHAM,**                      }          **ENTERED**

    Defendant.                      }          AUG 3 1 1999

### MEMORANDUM OPINION

Currently before the court is defendant Driver's Mart of Birmingham's Motion to

Dismiss Count III and to Compel Arbitration and Stay Proceedings. Plaintiff Janet Howard

("Howard") brought this suit alleging race discrimination in violation of Title VII and 42 U.S.C.

§ 1981 ("Section 1981"). More specifically, Howard alleges disparate treatment, constructive

discharge, and negligent training of its employees. Defendant contends that Count III of the

complaint alleging negligent training is due to be dismissed and that the court should compel the

parties to submit the case to binding arbitration on all claims pursuant to the plaintiff's

employment contract and the Federal Arbitration Act, 9 U.S.C. § 1 et seq. In addition, defendant

moves that the case should be stayed pending the resolution of this case in binding arbitration

pursuant to 9 U.S.C. § 3. Upon consideration of the record, the submissions of the parties, and

the relevant law, the court is of the opinion that defendant's Motion is due to be granted.

### I. COUNT III OF PLAINTIFF'S COMPLAINT

#### A. Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may petition the court to dismiss

a case if a complaint fails to state a claim that would entitle the claimant to relief. "[A]



complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Courts of appeal will not uphold a district court's decision to dismiss a claim pursuant to Rule 12(b)(6) unless it can be determined from the face of the complaint that the plaintiff would not be able to prove facts which would entitle him/her to recover. *Ware v. Associated Milk Producers, Inc.,* 614 F.2d 413, 415 (5th Cir. 1980).

When evaluating the sufficiency of the pleading that is the subject of a 12(b)(6) motion, district courts and courts of appeal must view the complaint in the light most favorable to the plaintiff and assume, for purposes of the motion, that the facts as alleged by the plaintiff in the complaint are true. *Mann v. Adams Realty Co., Inc.,* 556 F.2d 288, 293 (5th Cir. 1977). A plaintiff will survive a 12(b)(6) motion if the complaint provides the defendant with fair notice of the plaintiff's claim and the grounds on which the plaintiff's claims are based. *Conley*, 355 U.S. at 47.

## B. Negligent Training Claim

Plaintiff's negligent training claim is a creature of state law, and is available only in circumstances under which an ordinary negligence claim would be available. On the other hand, the interest in freedom from racially discriminatory treatment is protected only by federal law. Alabama state courts have specifically refused to intervene to protect employees suffering from discrimination in employment. *See Howard v. Wolff Broadcasting Corp.*, 611 So.2d 307, 312-13 (Ala. 1992), cert. denied, 507 U.S. 1031 (1993). Thus, Alabama law does not recognize the type of injury alleged by the plaintiff, much less a duty on the part of the defendant to avoid such injury. This factor makes the case distinctly different from those cases addressing negligent

2

training/supervision in the sexual harassment context, because in those cases injuries cognizable

under state law (e.g. invasion of privacy and assault and battery) were alleged. *See e.g., Mills v.*

*Wex-Tex Industries, Inc.*, 991 F. Supp. 1370 (M.D. Ala. 1997); *Patterson v. Augat Wiring*

*Systems, Inc.*, 944 F. Supp. 1509 (M.D. 1996). Discrimination provides no "substantive basis for

the element of damage in [her] . . . negligent training claim," and thus, plaintiff's negligence

claim, Count III of the Complaint, is due to be dismissed. *Zielke v. Amsouth Bank*, 703 So.2d

354, 359 (Ala. 1996).

## II. ARBITRATION

The Federal Arbitration Act ("FAA") evinces "a liberal federal policy favoring arbitration

agreements . . . ." *Moses H. Cone Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

Section 2 of the FAA states:

> A written provision in any maritime transaction or a contract evidencing a
> transaction involving commerce to settle by arbitration a controversy thereafter
> arising out of such contract or transaction, or the refusal to perform the whole or
> any part thereof, or an agreement in writing to submit to arbitration an existing
> controversy arising out of such a contract, transaction, or refusal, shall be valid,
> irrevocable, and enforceable, save upon such grounds as exist at law or in equity
> for the revocation of any contract.

9 U.S.C. § 2. Section 3 of the FAA provides for a stay of judicial proceedings while

the parties have an opportunity to arbitrate a dispute referable to arbitration:

> If any suit or proceeding be brought in any of the courts of the United
> States upon any issue referable to arbitration under an agreement in writing for
> such arbitration, the court in which such suit is pending, upon being satisfied that
> the issue involved in such suit or proceeding is referable to arbitration under such
> an agreement, shall on application of one of the parties stay the trial of the action
> until such arbitration has been had in accordance with the terms of the agreement,
> providing the applicant for the stay is not in default in proceeding with such
> arbitration.

3

9 U.S.C. § 3. Defendant seeks a stay of the present action on the basis of § 3 of the FAA.

Statutory claims such as those at issue here are subject to arbitration in accordance with a valid agreement to arbitrate. The Supreme Court has held that agreements to arbitrate claims under the ADEA are enforceable. *Gilmer v. Interstate/Johnson Lane Corporation*, 500 U.S. 26-27 (1991). On the basis of *Gilmer*, the Eleventh Circuit has concluded that claims under Title VII are also "subject to compulsory arbitration." *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992) (per curiam). Plaintiff has alleged violations of Title VII and 42 U.S.C. § 1981, and plaintiff has offered no argument or evidence that § 1981 claims should be treated any differently with respect to arbitrability than claims under Title VII. Therefore, the court is of the opinion that all the claims brought by the plaintiff are subject to compulsory arbitration, provided that a valid and enforceable arbitration agreement exists.

Plaintiff has signed an Agreement for Employees and a receipt for an Employee Benefit Handbook and has received a copy of that Employee Benefits Handbook. (Def.'s Mot. to Dismiss Count III and to Compel Arbitration and Stay Proceedings, Exhs A, D). Paragraph five of the Agreement for Employees states that:

> [e]xcept for exclusively monetary claims of less that $5,000, employee and company agree that every dispute, claim, or controversy of every kind and nature between Employee, on the one hand, and Company, . . . on the other, arising from, related to, or having any relationship or connection whatsoever with Employee's seeking employment with, employment by, employment with, termination of employment with, or terms and conditions of employment with Company which dispute, claim or controversy gives rise to a cause of action under the common law or statutes of the United States, or the State of Alabama or any subdivision thereof, . . . including but not limited to any and all matters under . . . Title VII of the Civil Rights Act of 1964; the Civil Rights Acts of 1966, 1971, and 1991; . . . 42 U.S.C. § 1981; . . . shall be submitted to, and determined by binding arbitration.

4

(*Id.*, Exh. A). In addition, the arbitration policy located on page twelve of the Employee Benefits Handbook states that "[e]xcept for exclusively monetary claims of less than $5,000, all disputes between the employee and the Company or its owners, officers or employees which give rise to a cause of action under federal law or the law of Alabama . . . must be submitted to binding arbitration." (*Id.*, Exh. C).

The Supreme Court has determined that "involving commerce" is equivalent to "affecting commerce" and signals an exercise of the full extent of Congress's power under the Commerce Clause. *Allied-Bruce Terminix Companies v. Dobson*, 115 S. Ct. 834, 839 (1995). No one disputes that under this definition, the arbitration agreement at issue "involv[es] commerce." Thus, under § 2 of the FAA, the arbitration agreement is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

Plaintiff argues that she was engaged in interstate commerce, and, therefore, the FAA does not apply to her agreement. Section 1 of the FAA states, in part, "but nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1 (1994). The Eleventh Circuit has held that the scope of the FAA § 1 exclusion should be read narrowly. *Paladino v. Avnet Computer Technologies, Inc.*, 134 F. 3d 1054, 1060-1061 (11th Cir. 1998). Specifically, the Eleventh Circuit has held that the FAA § 1 exemption reaches only those employees actually engaged in transportation of goods in commerce. *Id.* at 1060-61.

In this case, Plaintiff was employed as a sales representative at Driver's Mart of Birmingham. Plaintiff contends that she is entitled to a § 1 exclusion because:

5

[t]he Defendant is involved in 'a business affecting interstate commerce in that it
annually buys hundreds of thousands of dollars worth of automobiles from outside
the State of Alabama for resale, and also routinely buys parts and supplies that are
manufactured outside the State.' (Burnett Affidavit ¶ 2). Plaintiff, as a sales
representative, has the responsibility of ensuring that these cars are sold. A sales
representative such as Plaintiff, will have customers from within the state in
which she is selling, as well as from outside of the state. Surely, while a sales
representative at Driver's Mart, Plaintiff sold to customers within and without
Alabama. As such, Plaintiff, as an employee of Driver's Mart, is an employee
involved in the movement of goods in interstate and/or foreign commerce. Hence,
the exclusionary provision in § 1 of the Federal Arbitration Act excludes from its
coverage Plaintiff's contract of employment.

(Plaintiff's Response to Defendant's Motion to Dismiss Count III and to Compel Arbitration and

Stay Proceedings at 4-5).

In essence, plaintiff is claiming that because she may have customers from out of the state

of Alabama who buy cars from her, she is an employee involved in the movement of goods in

interstate or foreign commerce. This contention conflicts with the Eleventh Circuit's narrow

interpretation of § 1. Almost all employees in sales possibly have customers who reside in

another state. If plaintiff's interpretation were the law, almost all sales representatives in every

business would fall under the § 1 exclusion. Such an interpretation would far exceed the scope

of the Eleventh Circuit's reading of the § 1 exclusion. Therefore, the court concludes that the

agreement at issue is not excluded from the provisions of the FAA.

## III. CONCLUSION

The court concludes that Defendant's Motion to Dismiss Count III and to Compel

Arbitration and Stay Proceedings is due to be granted.   An Order in accordance with this

Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this $\underline{31st}$ day of August, 1999.

Sharon Lovelace Blackburn

**SHARON LOVELACE BLACKBURN**
United States District Judge

7